## BORGER v. KANE et al.

(District Court, S. D. New York. August 13, 1925.)

Negligence ⚖═⇒66(1)—Plaintiff, falling into elevator shaft, held not negligent.

Plaintiff, who, after being told that toilet which he was seeking was to be entered from door leading from hallway, entered door and was precipitated into elevator shaft, *held* not contributorily negligent.

At Law. Action by John Borger against James J. Kane and others. On motion to set aside verdict for plaintiff. Motion denied.

Cohen, Cole & Weiss, of New York City (Harry J. Leffert, of New York City, of counsel), for plaintiff.

Holley & Oxenberg, of New York City, for defendants.

GARVIN, District Judge. This is a motion by defendants to set aside a verdict in favor of the plaintiff, rendered by a jury. Defendants claim that plaintiff was guilty of contributory negligence.

Plaintiff entered a building with which he was unfamiliar, and proceeded to the office of his employers on the second floor. He desired to visit the toilet, and inquired from a fellow employee where it was located. This fellow employee informed him that it was entered through a door leading from the hall on the same floor. He then went into the hall and opened a door, expecting it to lead to his destination, and as he went through he was precipitated into an elevator shaft, through which he fell, sustaining injuries for which he brought this action. Upon these facts I am of the opinion that there was no contributory negligence.

After receiving these directions there was no reason for plaintiff to anticipate injury, if he followed them as given. He had the right to expect, as no other door was mentioned, that there would be but one which he was seeking, and inasmuch as his conduct involved no contributory negligence, as claimed, the motion to set aside the verdict must be and is denied.